# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MARY JENSEN, | * |
| | *   No. 18-1458V |
| Petitioner, | *   Special Master Christian J. Moran |
| | * |
| v. | *   Filed: January 17, 2024 |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * *

<u>Leah V. Durant</u>, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner;
<u>Julia M. Collison</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Mary Jensen's motion for final attorneys' fees and costs. She is awarded $99,717.71.

\*   \*   \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On September 21, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccination she received on December 12, 2017, which is contained in the Vaccine Injury Table, 42 C.F.R. 100.3(a), caused her to suffer a left shoulder injury related to vaccination administration. After respondent contested entitlement, the parties retained medical experts, with petitioner retaining Dr. Uma Srikumaran and respondent retaining Dr. Geoffrey Abrams. After two rounds of expert reports and prehearing submissions, the parties engaged in ADR discussions and on March 29, 2022, a stipulation was filed, which the undersigned adopted as his decision awarding compensation on the same day. 2022 WL 1165068.

On September 26, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $78,280.30 and attorneys' costs of $21,437.41 for a total request of $99,717.71. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. Id. On September 28, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on October 4, 2022, reiterating her belief that the requested fees and costs are reasonable.

*   *   *

In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).

2

Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.  Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Leah Durant, $377.00 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, $420.00 per hour for work performed in 2021, and $441.00 per hour for work performed in 2022; and for Mr. Mike Milmoe, $455.00 per hour for work performed in 2018, $464.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, $509.00 per hour for work performed in 2021, and $525.00 per hour for work performed in 2022. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and shall be awarded herein. See, e.g., Culp v. Sec'y of Health & Human Servs., No. 18-1315V, 2020 WL 4199040, at *2 (Fed. Cl. Spec. Mstr. Apr. 24, 2020).

### B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the

undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $78,280.30.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $21,437.41 in attorneys' costs. This amount is for acquisition of medical records, professional review of those records, the Court's filing fee, postage, and work performed by petitioner's medical expert. Dr. Srikumaran, an orthopedic surgeon. Fees App. Ex. 2 at 2.

Dr. Srikumaran billed 19.75 hours at $1,000.00 per hour for a total request of $19,750.00. Dr. Srikumaran's billed time is reasonable for review of medical records and preparation of two expert reports. Dr. Srikumaran is a leading expert in SIRVA injuries and has recently been awarded $1,000.00 per hour for his work in the Vaccine Program. See Aycock v. Sec'y of Health & Human Servs., No. 19-235V, 2023 WL 8869423 (Fed. Cl. Spec. Mstr. Nov. 8, 2023). The undersigned agrees with the well-reasoned analysis in Aycock and finds that Dr. Srikumaran's work in the instant case is reasonably compensated at the requested rate. Accordingly, the full amount for this expert work shall be reimbursed.

The remainder of the costs are typical of Vaccine Program litigation and have all been supported by the necessary documentation and are reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of costs requested.

### D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards a total of **$99,717.71** (representing $78,280.30 in attorneys' fees and $21,437.41 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Ms. Leah Durant.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.